**In re TONICO MANUFACTURING CO., INC., Debtor.**

**Bankruptcy No. 89–2581–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 12, 1989.

Malka Isaak, Tampa, Fla., for debtor.

Albert P. Lima, Tampa, Fla., for movants.

Lynne L. England, Tampa, Fla., Asst. U.S. Trustee.

ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion to Dis-

miss the case filed by James and Mary Patterson (Movants). The Motion is based on the contention that Tonico Manufacturing Co., Inc. is a non-existent legal entity, thus its petition is a nullity as a matter of law and, therefore, this Chapter 11 case should be dismissed.

The facts relevant to the disposition of the Motion are simple and basically without dispute and are as follows:

On October 28, 1988, Movants, the owners of nonresidential real property, entered into a one year lease commencing on December 1, 1988 with Tonico Manufacturing Co. The lease was signed by Samuel M. Petrano, Board Chairman (sic) (Movants' Exhibit No. 2). It appears from written information furnished by the Office of the Secretary of State of Florida that while its office fails to reveal a corporate charter issued to an entity named "Tonico Manufacturing Co., Inc.", its records do indicate a properly chartered active corporation under the name of Tonico Corporation, which names its officers as David Petrano and Samuel Petrano, III (Movants' Exhibit No. 1).

On April 21, 1989, Movants obtained a Final Judgment of Eviction against Samuel M. Petrano d/b/a Tonico Manufacturing Co., Inc. and Tonico Corporation. Before the Movants obtained possession of the leased premises, Tonico Manufacturing Co., Inc. filed its voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code.

It appears that at no time did the Movants question the corporate existence of their tenant under the lease, Tonico Manufacturing Co. They accepted the first months rent and the tendered security deposit. It further appears that on March 17, 1989, counsel for the Movants notified Tonico Manufacturing Co. that the corporation was in arrears in the lease payments. On March 24 counsel for Movants hand delivered a letter to the tenant, again addressed to Tonico Manufacturing Co. In addition, it should be noted that even after counsel for the Movants learned from the Secretary of State that there was no record of the existence of a corporation under the name of "Tonico Manufacturing Co." two days

after receiving this information filed the suit for eviction naming as one of the defendants "Tonico Manufacturing Co., Inc." and ultimately obtained a final judgment of eviction against "Tonico Manufacturing, Inc."

■ It is without dispute, as noted earlier, that there is no such corporation in existence as Tonico Manufacturing Co., Inc., the named tenant in the lease and the defendant against whom the Movants obtained the final judgment of eviction. The entity named in the Petition for Relief under Chapter 11 is not now and was never a legally existing entity eligible for relief under § 109(d) of the Code. This being the case, the Movants contend that under the applicable laws of this state, the legally responsible person under the lease is Samuel M. Petrano, and the Petition and Statement of Financial Affairs on record leaves no doubt, so contend the Movants, that the intended debtor was not Samuel M. Petrano but this non-existing corporation. To overcome the obvious proposition that the Code definition of the term "corporation", § 101(a)(8) does not include a non-existing corporation, counsel urges the following:

(1) The style of the case was, even though misnamed, the Debtor, and the proper name of the Debtor is Tonico Corporation, an entity clearly eligible for relief under § 109.

(2) The name of Tonico Manufacturing Co., Inc. is in fact a fictitious name of Tonico Corporation even though it is conceded that Tonico Corporation never complied with Fla.Stat. § 865.09 which governs the use of fictitious names in this State.

(3) The Movants having entered into the lease with Tonico Manufacturing Co., Inc., having accepted rent and security deposit from the tenants named in the lease, notified Tonico Manufacturing Co., Inc. of the default, sued same and obtained the final judgment of eviction by default, are estopped to deny its existence.

(4) Lastly, it is the contention of counsel that while the debtor named in the Petition is not a valid corporation, it must be accepted as a de facto corporation under the laws

of this State. *Matter of Servo Systems*, 11 B.R. 879 (S.D.N.Y.1981). Considering these contentions seriatim, it is evident that with the exception of the contention of a misnomer, none of the others bear close analysis. Even assuming but not admitting that the name Tonico Manufacturing Co., Inc. was a fictitious name, albeit not registered as required by Fla.Stat. § 865.09, it leaves no question it wasn't Samuel M. Petrano or Tonico Corporation. In either event, neither of them sought or intended to seek relief under Chapter 11, nor could they breathe life into something which never had life.

■ Neither research of counsel nor independent research reveal any authority to support the proposition that establishes the legal existence of an entity by the doctrine of estoppel where no such existence ever became a legal reality. Apart from the fact that this record is devoid of any evidence that a non-existing entity, Tonico Manufacturing Co., Inc., in reliance of the conduct described earlier by the Movants and this counsel, changed its position to its detriment, the doctrine could not create a legal entity which never existed.

■ Lastly, the argument that Tonico Manufacturing Co., Inc. is a de facto corporation thus eligible for relief under Chapter 11 is equally without merit. No one can deny the proposition that the law recognizes the legal existence of de facto corporation with all powers of a de jure corporation. *Matter of Servo Systems, Inc., supra.* In order to obtain the recognition of a legal entity as a de facto corporation, the following must be established:

(1) A law or charter providing for the organization of the corporation of the kind attempted to be organized;

(2) An attempted good-faith compliance with statutory requirements intended as conditions precedent;

(3) An unintentional omission of some legal requirement;

(4) The exercise of good faith of corporate functions by which it is intended to carry out the purpose and object of the attempted incorporation under the law. *8 Fla.Jur.2d § 66.*

There is no evidence in this record which would warrant a finding that the incorporators ever intended to form a corporation under the name of Tonico Manufacturing Co., Inc. Further, there is no evidence that there were ever any articles of incorporation or a charter of corporate by-laws for an entity to be known as Tonico Manufacturing Co., Inc. Thus it is evident that the first required element is not present and as to the second it is clear that there was in fact not only a good faith compliance but in fact a full compliance with the statutory requirements for the creation of a corporation. However, the compliance was not for Tonico Manufacturing Co., Inc. but for Tonico Corporation.

■ This leaves for consideration the first proposition urged by counsel which contends that the style of the case was misnamed and should have said Tonico Corporation d/b/a Tonico Manufacturing Co., Inc. It cannot be gainsaid that "acts and deeds are not vitiated by (minor) departure from the corporate name. Absolute accuracy in the corporate name is not essential to a valid exercise of the corporate power ..." *Chew v. First Presbyterian Church,* 237 F. 219 (D.Del.1916). See also, *In re R.S. Grist Co.,* 8 B.R. 790 (S.D.Fla.1980) where an involuntary petition was filed against a debtor which incorrectly identified the corporate debtor by naming a non-existing legal entity with a similar name of a validly existing corporation. The Court concluded that the term used in the petition was merely a misnomer for the real debtor and the involuntary petition was not subject to a dismissal.

In sum, this Court is satisfied that the present case is precisely the same which was involved in *R.S. Grist Co., supra,* that is one involving a misnomer. In light of the fact that B.R. 1009 grants the debtor an absolute right to amend the Petition and the Statement of Financial Affairs and the Schedules, a dismissal would be highly improper on the grounds urged by the Movants. Neither is there any prohibition under local law to permit an amendment to

reflect the proper party in a lawsuit. *Sexton v. Panning Lumber Co.*, 260 So.2d 898 (Fla. DCA 4th 1972).

The Movants dealt from the very beginning with Samuel Petrano. Thus, whether he was an officer of Tonico Corporation or Tonico Manufacturing Co., Inc. is without significance. The fact that they were not aware until late that there was no such corporation as Tonico Manufacturing Co., Inc. did not prejudice the Movants' rights. In fact, even after their counsel learned the true status of the tenant named in the lease he continued to treat Tonico Manufacturing Co., Inc. as the tenant of his client.

Based on the foregoing, it is clear that the Motion to Dismiss on the grounds urged is without merit.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss be, and the same is hereby, denied provided that the style of the Petition and all other documents are amended to reflect the proper name of the Debtor. It is further

ORDERED, ADJUDGED AND DECREED that in the event no such amendment is filed within 10 days from the date of entry of this Order, the Motion to Dismiss will be granted without further notice or hearing.

DONE and ORDERED.